UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEBRA BUCKOSH, | : | CASE NO. 1:21-cv-00975 |
| Plaintiff. | : | OPINION & ORDER |
| | : | [Resolving Doc. 5] |
| v. | : | |
| BONDED FILTER COMPANY, LLC, MATTHEW ASHWOOD, MICHAEL MASSARO, STEVEN MACWILLIAMS, and, LEE ANN SHEPARD, | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Debra Buckosh sues her employer Defendant Bonded Filter Company, LLC ("Bonded"), and some of its agents, Defendants Matthew Ashwood, Michael Massaro, Steven MacWilliams, and Lee Ann Shepard. Buckosh says defendants engaged in sex-based employment discrimination.[1]

Individual defendants Matthew Ashwood, Michael Massaro, Steven MacWilliams, and Lee Ann Shepard move to dismiss for lack of personal jurisdiction.[2] Plaintiff opposes.[3]

For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss for lack of personal jurisdiction.

---

[1] Doc. 1-1.
[2] Docs. 5, 9.
[3] Doc. 8.

Case No. 1:21-cv-00975
GWIN, J.

I. **Background**

Defendant Bonded provides maintenance services for HVAC systems.[4] In January 2019, Bonded hired Plaintiff Debra Buckosh to work as an Account Manager from her Bay Village, Ohio residence.[5]

In her role, Plaintiff reported directly to Defendant Steven MacWilliams, the Chief Revenue Officer.[6] Defendant Revenue Officer MacWilliams communicated with Plaintiff multiple times a week by telephone, text, or email regarding Plaintiff's sales efforts and potential customers in Ohio.[7] Additionally, MacWilliams once attended an Ohio client meeting with Plaintiff.[8]

Defendant MacWilliams and Defendant Matthew Ashwood, Bonded's Chief Executive Officer, directed Plaintiff to concentrate her sales efforts on Ohio entities.[9] According to Plaintiff, Defendant Ashwood routinely disregarded the chain of command and contacted her about once a week regarding her Ohio sales efforts.[10] Further, Defendant Ashwood attended an Ohio client meeting with Plaintiff.[11]

Defendant Michael Massaro, Bonded's Vice President of Operations, communicated with Buckosh using email approximately once every week or two.[12] Additionally, Massaro

---

[4] BFC Solutions, https://www.bfcsolutions.com/ (last visited July 15, 2021). Bonded Filter Company does business as BFC Solutions.
[5] Doc. 1-1 at 6, Doc. 8-1 at 2.
[6] Doc. 8-1 at 3.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at 4. Plaintiff alleges that Defendant Ashwood gave Plaintiff instructions that conflicted with Defendant MacWilliams directions. Doc. 1-1 at 7. Additionally, Defendant Ashwood prohibited Plaintiff from meeting clients without another male employee accompanying her. *Id.* at 8.
[11] Doc. 8-1 at 4.
[12] *Id.* at 3.

-2-

Case No. 1:21-cv-00975
GWIN, J.

and Plaintiff Buckosh also attended an Ohio client meeting together.[13] Plaintiff further states that Massaro regularly supervised and routinely communicated with other Ohio-based Bonded employees.[14]

Defendant Lee Ann Shepard, Bonded's Human Resources Vice President, periodically communicated with Plaintiff.[15]

On February 26, 2020, Bonded terminated Plaintiff's employment without cause.[16]

Following her termination, Plaintiff Buckosh filed the present suit. She claims that Defendants discriminated against her and terminated her employment because of her gender.[17]

Now, the individual defendants move to dismiss Plaintiff's suit them, arguing the Court lacks personal jurisdiction over them.[18]

## II. Discussion

To survive a 12(b)(2) motion when the Court decides the 12(b)(2) motion based "solely on written submissions and affidavits," the plaintiff must make a *prima facie* showing that the Court has personal jurisdiction.[19] The Court views the pleadings and affidavits "in a light most favorable to the plaintiff."[20]

---

[13] *Id.*
[14] *Id.*
[15] *Id.* at 2, 5.
[16] *Id.* at 5.
[17] Doc. 1-1.
[18] Doc. 5.
[19] *Air Prod. and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).
[20] *Id.*

-3-

Case No. 1:21-cv-00975
GWIN, J.

A federal court with diversity subject matter jurisdiction has specific personal jurisdiction over a defendant if "relevant long-arm statutes authorize the exercise of personal jurisdiction over Defendants" and "exercise of that jurisdiction comports with constitutional due process."[21] Under Ohio's long-arm statute:

> A court may exercise personal jurisdiction over a person . . . as to a cause of action arising from the person's . . . [c]ausing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some persons would be injured thereby in this state[.][22]

Exercising jurisdiction satisfies due process when: (1) the defendant "purposefully avail[s] himself of the privilege of acting in the forum state or causing a consequence in the forum state[,]" (2) "the cause of action . . . arise[s] from the defendant's activities there[,]" and (3) "the acts of the defendant or consequences caused by the defendant . . . have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."[23]

"The purposeful availment requirement is satisfied when the defendant's contact with the forum state proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being hailed into court there."[24]

---

[21] *Id.* at 550. (citing *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 909 (6th Cir.1988)).
[22] Ohio Rev. Code § 2307.382(A)(6).
[23] *Beydoun v. Wataniya Rest. Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014) (quoting *S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).
[24] *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)) (citations omitted).

Case No. 1:21-cv-00975
GWIN, J.

In this case, the Court has personal jurisdiction over Defendants MacWilliams and Ashwood, but not Defendants Massaro and Shepard.

Plaintiff Buckosh has made a *prima facie* showing that Defendants Ashwood and MacWilliams caused tortious injury to her in Ohio,[25] purposefully,[26] and with reasonable expectation that she would be injured in Ohio.[27] Defendants Ashwood and MacWilliams frequently communicated with Plaintiff throughout her employment about her work in Ohio.[28] According to Plaintiff, Ashwood would routinely make sexist comments towards her and denigrate her work.[29] Further, Ashwood and MacWilliams arguably impeded Plaintiff's ability to do her job, but did not similarly impeded male employees.[30] Finally, MacWilliams participated in the employment termination, arguably because of her gender.[31] As a result, the Court has jurisdiction over Defendants Ashwood and MacWilliams under Ohio's long-arm statute.

Similarly, Plaintiff has made a *prima facie* showing that jurisdiction over Defendants Ashwood and MacWilliams satisfies due process. First, Defendants Ashwood and MacWilliams purposefully availed themselves to the privilege of acting in Ohio by

---

[25] Plaintiff lived and worked in Ohio for the duration of employment with Bonded. Doc. 8-1.
[26] Plaintiff claims that Defendant Ashwood repeatedly denigrated her and sabotaged Plaintiff's work because of her gender. Doc. 1-1. Defendant MacWilliams allegedly aided and abetted the discriminatory actions. *Id.*, Doc. 8-1.
[27] *See Noco Co. v. Doe*, 1:19 CV 2260, 2020 WL 836757 at *3 (N.D. Ohio February 20, 2020) (("courts have concluded that when a defendant is alleged to have committed torts against an Ohio Plaintiff . . . the defendant could have reasonably expected that injury would occur in Ohio.") (citing *Safety Today, Inc. v. Roy, et al.*, 2:12 CV 510, 2012 WL 2374984 at *2 (S.D. Ohio June 22, 2012)).
[28] Doc. 8-1.
[29] Doc. 1-1.
[30] *Id.*
[31] Docs. 1-1, 8-1.

-5-

Case No. 1:21-cv-00975
GWIN, J.

continuously directing Plaintiff's Ohio-based business activities.[32] Second, Plaintiff's claims arise from Defendants Ashwood and MacWilliams' communications with Plaintiff.[33] Third, it is not unreasonable for the Court to exercise jurisdiction, despite the fact that litigation in Ohio will place some burden on Defendants.[34] Ohio has an interest in protecting Ohio residents from harm nonresident employers and their agents inflict.[35] The Court's exercise of jurisdiction over Defendants Ashwood and MacWilliams does not deny due process.

However, Plaintiff fails to show that Defendants Massaro and Shepard's conduct was sufficient to bring them under Ohio's long-arm statute or comport with due process. Massaro and Shepard's contacts with Ohio and Plaintiff were relatively limited.[36] Unlike Defendants MacWilliams and Ashwood, Massaro and Shepard did not oversee Plaintiff's day-to-day work or direct her business efforts in Ohio.[37] Moreover, Massaro and Shepard's Ohio contacts are largely unrelated to Plaintiff's gender discrimination allegations.[38] Therefore, the Court has no jurisdiction over Plaintiff's claims against Defendants Massaro and Shepard.

---

[32] *See* Doc. 8-1 at 3-4 ("Communications from Mathew Ashwood [and Steven MacWilliams] to me while I was in the State of Ohio uniformly related to my sales efforts with customers and potential customers located in the State of Ohio.").

[33] *See* Doc 1-1. Defendants MacWilliams and Ashwood's contacts with Ohio, the communications with Plaintiff, relate to Plaintiff's claims of discrimination.

[34] *Air Prod. and Controls, Inc.*, 503 F.3d at 554 (("[W]here, as here, the first two criterion are met, an inference of reasonableness arises and only the unusual case will not meet this third criteria.") (citing *Theunissen*, 935 F.2d at 1461) (internal quotations omitted)).

[35] *See Schnieder v. Hardesty*, 669 F.3d 693, 704 (6th Cir. 2012) ("Ohio has an interest in ensuring that its residents have adequate recourse for harms inflicted by nonresidents, and requiring [Plaintiff] to litigate this dispute in [Defendant's state] would impose a substantial burden on [her].")

[36] Doc. 8-1.
[37] *Id.*
[38] Docs. 1-1, 8-1.

Case No. 1:21-cv-00975
GWIN, J.

### III. Conclusion

The Court **DENIES** Defendants MacWilliams and Ashwood's motion to dismiss for lack of personal jurisdiction.  The Court **GRANTS** Defendants Massaro and Shepard's motion to dismiss for lack of personal jurisdiction.

IT IS SO ORDERED.

Dated: August 9, 2021                                  *s/     James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE