UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| DEBRA BUCKOSH, | : | CASE NO. 1:21-cv-00975 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 19] |
| v. | : |  |
| BONDED FILTER COMPANY, LLC, et al., | : |  |
| Defendants. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Debra Buckosh sues her employer Defendant Bonded Filter Company, LLC ("Bonded"), and its agents, Defendants Matthew Ashwood and Steven MacWilliams, for sex-based employment discrimination, retaliation, and breach of contract.[1]

On October 19, 2021 Plaintiff served a Subpoena Duces Tecum upon executive coach Christopher Marotta.[2] Defendants now seek to quash that subpoena under Rule 45(d)(3).[3] Plaintiff opposes.[4] Defendants replied.[5]

With this motion, the Court determines whether the documents sought from executive coach Christopher Marotta are privileged or otherwise protected as trade secrets under Rule 45(d)(3).[6] Further, the Court must determine whether Marotta's documents are relevant to Plaintiff's suit under Rule 26.[7]

---

[1] Doc. 1-1.
[2] Doc. 19-1.
[3] Doc. 19.
[4] Doc. 20.
[5] Doc. 23.
[6] Fed. R. Civ. P. 45(d)(3).
[7] Fed. R. Civ. P. 26; *Hendricks v. Total Quality Logistics*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) ("the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26").

Case No. 1:21-cv-00975
GWIN, J.

For the following reasons, this Court **DENIES** the motion to quash Plaintiff's subpoena duces tecum to Christopher Marotta.

## I. Background

Defendant Bonded provides maintenance services for HVAC systems.[8] In January 2019, Bonded hired Plaintiff Debra Buckosh to work as an Account Manager.[9] In her role, Plaintiff reported directly to Defendant Steven MacWilliams, the Chief Revenue Officer, and worked closely with Defendant Matthew Ashwood, Bonded's Chief Executive Officer.[10]

In November 2018, Bonded hired Christopher Marotta, an executive coach and talent development consultant, to work with the company's leadership team.[11] Marotta worked with Defendants Ashwood and MacWilliams throughout the duration of Plaintiff's employment with Bonded.[12] Marotta never worked directly with Plaintiff.[13]

On February 26, 2020, Bonded allegedly terminated Plaintiff's employment without cause.[14] Following her termination, Plaintiff Buckosh filed the present suit. She claims that Defendants terminated her employment because of her gender, retaliated against her, and breached her employment contract.[15]

On October 19, 2021, Plaintiff served a Subpoena Duces Tecum upon Christopher Marotta seeking his documents relating to Defendants during Plaintiff's employment with Bonded.[16] Defendants now seek to quash that subpoena under Rule 45(d)(3).[17] Defendants

---

[8] BFC Solutions, https://www.bfcsolutions.com/ (last visited July 15, 2021). Bonded Filter Company does business as BFC Solutions.
[9] Doc. 1-1 at 6, Doc. 8-1 at 2.
[10] Doc. 8-1 at 3.
[11] Doc. 19 at 2–3.
[12] *Id.*
[13] *Id.* at 4.
[14] Doc. 8-1 at 5.
[15] Doc. 1-1.
[16] Doc. 19-1.
[17] Doc. 19.

- 2 -

Case No. 1:21-cv-00975
GWIN, J.

argue that Marotta's documents are "highly personal, confidential, and irrelevant."[18] Defendants argue they have standing to challenge the subpoena because they have a "personal right" to the documents sought.[19]

Plaintiff opposes the motion and argues the documents are not privileged and do not involve trade secrets.[20] Plaintiff further argues that Marotta's documents are relevant to both the alleged dysfunction of Bonded's leadership group which resulted in conflicting instructions to Plaintiff, and to Defendants MacWilliams' and Ashwood's management behavior.[21] Plaintiff also suggest Marrotta's notes may include relevant MacWilliams and Ashwood statements.

II. Discussion

### A. Defendants' Have Standing.

A party has standing to move to quash any subpoena issued to a nonparty if the party "claims some personal right or privilege with regard to the documents sought."[22] Such rights or privileges have been recognized with respect to information in personnel files.[23]

Defendants assert standing to quash the subpoena directed to Christopher Marotta because "it would compel him to produce highly personal and confidential information."[24]

Defendants do not claim any recognized privilege.

Christopher Marotta's executive coaching documents are akin to personnel files. Because Defendants have a personal right to the information in the coaching documents

---

[18] *Id.* at 1.
[19] *Id.* at 2–3.
[20] Doc. 20.
[21] *Id.*
[22] *Mann v. Univ. of Cincinnati*, Nos. 95- 3195, 95-3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997) ((quoting 9A Wright and Miller, Federal Practice and Procedure § 2459 (1995)).
[23] *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, No. 1:11-CV-0851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013) (internal citation omitted).
[24] Doc. 19 at 3.

- 3 -

Case No. 1:21-cv-00975
GWIN, J.

pertaining to them, they have standing to move to quash this subpoena.

### B. The Documents Sought Are Not Privileged and Do Not Involve Trade Secrets.

Under Rule 45(d)(3), a court must quash or modify a subpoena that requires disclosure of privileged or other protected matter.[25] Further, a court may quash or modify a subpoena if it requires disclosing a trade secret or other confidential commercial information.[26] However, that documents are "personal, or even confidential, is not in itself grounds for quashing a subpoena."[27] The "party seeking to quash a subpoena bears the ultimate burden of proof."[28]

With this subpoena, Plaintiff seeks Christopher Marotta's executive coaching documents related to his work with Defendants.[29] These documents are not privileged. Marotta is not an attorney, nor is he a physician.[30] In addition, these documents do not involve trade secrets or confidential commercial information. They relate to coaching of Bonded's leadership team, but by Defendants' own admission, do not relate to Bonded's "sales, business execution, or business strategy."[31]

Therefore, this Court declines to quash the subpoena under Rule 45(d)(3).

### C. The Documents Sought are Relevant.

The scope of discovery under a subpoena is the same as that under Rule 26.[32] Rule 26 provides that parties may obtain discovery regarding, "any nonprivileged matter that is

---

[25] Fed. R. Civ. P. 45(d)(3)(A)(iii).
[26] Fed. R. Civ. P. 45(d)(3)(B)(i).
[27] *Hackmann v. Auto Owners Ins. Co.*, No. CIV.A. 2:05-CV-876, 2009 WL 330314, at *2 (S.D. Ohio Feb. 6, 2009).
[28] *Hendricks,* 275 F.R.D. at 253 (internal citation omitted).
[29] Doc. 19-1.
[30] Doc. 20 at 2.
[31] Doc. 19 at 4.
[32] *Hendricks,* 275 F.R.D. at 253 (internal citation omitted).

Case No. 1:21-cv-00975
GWIN, J.

relevant to any party's claim or defense and proportional to the needs of the case."[33]

Plaintiff claims Christopher Marotta's executive coaching documents are relevant to her employment discrimination, retaliation, and breach of contract claims because they will demonstrate dysfunction among the leadership team which resulted in conflicting instructions from Defendants MacWilliams and Ashwood.[34] Further, Marotta's documents will relate generally to Defendants' management conduct, which is relevant to her claims.[35]

Therefore, this Court finds that Marotta's documents are relevant under Rule 26.

### III. Conclusion

For the foregoing reasons, this Court **DENIES** the motion to quash Plaintiff's subpoena duces tecum to Christopher Marotta.

IT IS SO ORDERED.

Dated: November 18, 2021          *s/ James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[33] Fed. R. Civ. P. 26(b)(1).
[34] Doc. 20 at 3.
[35] *Id.* at 2–4.