UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DEBRA BUCKOSH, | CASE NO. 1:21-cv-00975 |
| Plaintiff, | OPINION & ORDER |
| | [Resolving Docs. 22; 25] |
| v. | |
| BONDED FILTER COMPANY, LLC, et al., | |
| Defendants. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Debra Buckosh sues her former employer Defendant Bonded Filter Company, LLC ("Bonded"), and its agents, Defendants Matthew Ashwood and Steven MacWilliams, for sex-based employment discrimination, retaliation, and contract breach.[1] Defendant Bonded generally defends by saying that it fired Plaintiff Buckosh because Buckosh's sales production was low.

Before the Court are cross-motions to compel discovery and for sanctions.

Defendant Bonded moves to compel Plaintiff Buckosh to produce documents and seeks attorneys' fees and expenses.[2] Plaintiff opposes.[3] Defendant replied.[4]

Plaintiff seeks to compel four depositions and seeks fees and expenses for previously cancelled depositions.[5] Defendants oppose.[6] Plaintiff replied.[7]

With these motions, the Court determines whether either party has failed to make a

---

[1] Doc. 1-1.
[2] Docs. 22; 22-1.
[3] Doc 24.
[4] Doc. 27.
[5] Doc. 25.
[6] Doc. 28.
[7] Doc. 29.

Case No. 1:21-cv-00975
GWIN, J.

required disclosure or to cooperate in discovery under Rules 26, 30, 34, and 37.[8] This Court further determines whether either party's actions warrant sanctions.[9]

For the following reasons, this Court **GRANTS** in part and **DENIES** in part Defendant's motion to compel discovery and **GRANTS** Plaintiff's motion to compel depositions and for sanctions.

## I. Background

Defendant Bonded provides maintenance services for HVAC systems.[10] In January 2019, Bonded hired Plaintiff Debra Buckosh as an Account Manager.[11] In her role, Plaintiff reported directly to Defendant Steven MacWilliams, and worked closely with Defendant Matthew Ashwood.[12]

In February 2020, Bonded fired Plaintiff. Plaintiff says Defendant Bonded fired her because of her sex, retaliated against her, and breached her employment contract.[13] In claiming that it fired Plaintiff for non-discriminatory reasons, Defendant Bonded says that Plaintiff's sales production was poor. Plaintiff disputes this.

After her termination, Defendant requested Plaintiff return her work laptop.[14] Plaintiff returned the laptop on June 29, 2020.[15] Plaintiff filed this suit in April 2021.[16]

This discovery dispute circles around Plaintiff's return of Plaintiff's laptop.

On August 11, 2021, Defendant Bonded served its First Set of Interrogatories and

---

[8] Fed. R. Civ. P. 26; Fed. R. Civ. P. 30; Fed. R. Civ. P. 34; Fed. R. Civ. P. 37.
[9] Fed. R. Civ. P. 37(a)(5); Fed. R. Civ. P. 37(d); Fed. R. Civ. P. 30(d)(2).
[10] BFC Solutions, https://www.bfcsolutions.com/ (last visited July 15, 2021). Bonded Filter Company does business as BFC Solutions.
[11] Doc. 1-1 at 6, Doc. 8-1 at 2.
[12] Doc. 8-1 at 3.
[13] Docs. 1-1; 8-1 at 5.
[14] Doc. 22-1 at 2.
[15] *Id.*
[16] Doc. 1-1.

Case No. 1:21-cv-00975
GWIN, J.

Document Requests.[17] After failing to respond by the original deadline, Plaintiff replied: "Responsive documents were previously produced on June 29, 2020" to thirty-three out of forty-four of Defendant's requests.[18] The June 29, 2020 reference seems an obvious reference to Plaintiff Buckosh's June 2020 laptop return after her February 2020 firing.

Multiple times, Defendant Bonded's counsel asked Buckosh to clarify what documents Plaintiff was referring to.[19] Plaintiff did not clarify and delayed responding.[20]

On October 26, 2021, the parties met to conduct scheduled depositions in Nashville.[21] During the deposition of Defendant MacWilliams, Plaintiff's counsel attempted to question MacWilliams about a document.[22] Defendant claims the document should have been produced to Defendant earlier, in response to Defendant's document request.[23] Plaintiff's counsel stated the document had been produced to Defendant, "on June 29th of 2020."[24] After back-and-forth, Defendant's counsel stopped Plaintiff from questioning MacWilliams and cancelled the remaining depositions.[25]

Defendant Bonded now moves to compel Plaintiff Buckosh to provide the documents Bonded requested in its First Request for Production of Documents to Plaintiff.[26] Defendant further requests attorneys' fees and expenses. Plaintiff responds that the requested documents were on the work-issued laptop that she returned to Bonded in June 2020 and

---

[17] Doc. 22-2.
[18] Docs. 22-1 at 2-3; 22-4 at 6–27.
[19] Docs. 22-1 at 3–4; 22-5 at 1; 22-8 at 1; 22-11.
[20] Doc. 22-1 at 3–4.
[21] *Id.* at 4.
[22] Docs. 22-1 at 4; 22-13 at 9–11.
[23] *Id.*
[24] Doc. 22-13 at 9. The Court notes that there is some dispute as to whether the document introduced by Plaintiff's counsel was part of the June 2020 production. In her motion, Plaintiff claims the document was not contained on the laptop and was instead produced by Plaintiff in response to Bonded's discovery requests on October 20, 2021. Doc. 29 at 5. During the deposition however, Plaintiff's counsel asserted the document was turned over, "on June 29th of 2020." Doc. 22-13 at 33. Defendant claims that the document was withheld by Plaintiff. Doc. 22-1 at 4.
[25] Doc. 22-1 at 4–5.
[26] Docs. 22; 22-1.

Case No. 1:21-cv-00975
GWIN, J.

responds that her discovery responses informed Defendant of this.[27]

Plaintiff moves to compel defense counsel to produce Defendants MacWilliams and Ashwood, and witnesses Lee Ann Shepard and Rich Dorsey for deposition.[28] MacWilliams was being deposed when Defendant unilaterally cancelled the Nashville depositions. Plaintiff further requests reasonable attorneys' fees and expenses incurred because of cancelled depositions. Defendant responds that the depositions were cancelled because of Plaintiff's deceptiveness about the June 2020 production.[29]

## II. Defendant's Motion to Compel Discovery and for Sanctions.

Under Rule 26, parties may obtain discovery regarding nonprivileged matter that is relevant to a claim or defense and is proportional to the needs of the case.[30] A party may request an opposing party produce documents within the scope of Rule 26.[31]

If the opposing party fails to comply, the party seeking discovery may move for an order compelling production.[32] An evasive or incomplete disclosure is considered a failure to comply.[33] If a party—after being properly served with a production request—fails to respond, the court may order sanctions.[34] Sanctions may include the reasonable expenses, including attorneys' fees, caused by the failure to comply.[35]

Defendant Bonded moves to compel Plaintiff Buckosh to provide documents Bonded requested.[36] Defendant argues that Plaintiff's response that, "Responsive

---

[27] Doc. 24.
[28] Doc. 25.
[29] Doc. 28.
[30] Fed. R. Civ. P. 26(b)(1).
[31] Fed. R. Civ. P. 34(a).
[32] Fed. R. Civ. P. 37(a)(3)(B). Local Rule 37.1 further requires that the party seeking discovery must make a sincere, good faith effort to resolve the dispute before seeking recourse through the Court. Local Rule 37.1(a)(1). Defendant has made such a good faith effort. Doc. 27 at 5.
[33] Fed. R. Civ. P. 37(a)(4).
[34] Fed. R. Civ. P. 37(d)(1)(A)(ii).
[35] Fed. R. Civ. P. 37(d)(3).
[36] Docs. 22; 22-1.

- 4 -

Case No. 1:21-cv-00975
GWIN, J.

documents were previously produced on June 29, 2020"[37] was evasive and incomplete—and therefore constitutes a failure to disclose.

Plaintiff responds that all requested documents were produced in June 2020 when she returned her work-issued laptop.[38] Further, Plaintiff states that the requested documents were and are all otherwise available to Bonded on Defendant Bonded's own servers.[39] In effect, Plaintiff says Plaintiff will rely upon Bonded documents to establish Plaintiff's case and Bonded has obvious access to its own documents.

Plaintiff's response to Defendant's request for documents was sufficient. In the discovery, Plaintiff stated that responsive documents were produced on June 29, 2020.[40] Defendant fired Plaintiff in February 2020. Plaintiff's reference to discovery produced on June 29, 2020, seems an obvious statement that the documents were on the returned laptop.[41] Therefore, Defendant was on notice that the documents had been produced on the returned laptop.

Because Plaintiff complied with the document request, sanctions are not warranted.

To move this case forward, however, the Court requires Plaintiff to identify the documents in her June 2020 production that support Plaintiff's position that her sales production was not deficient.

Defendant Bonded says it fired Plaintiff Buckosh for poor sales production. Plaintiff responds that her sales production was good, and that Bonded's own records (including records returned to Bonded when Buckosh returned the laptop) support Plaintiff's position.

---

[37] Doc. 22-4 at 6–27.
[38] Doc. 24.
[39] Doc. 24 at 2.
[40] Doc. 22-4 at 6–27.
[41] Doc. 22-1 at 2.

Case No. 1:21-cv-00975
GWIN, J.

During the status conference on November 16, 2021, Plaintiff argued that her sales performance at Bonded was equivalent to or better than male counterparts. To move this case towards trial, the Court orders Plaintiff to now identify those documents that support this sales production position. As Plaintiff has seemingly already ascertained the Bonded records that support her sales production argument, the identification will not be unduly burdensome.[42]

### III. Plaintiff's Motion to Compel Deposition Attendance and for Sanctions.

Under Rule 30(d)(2), the Court may impose an appropriate sanction—including the reasonable expenses and attorneys' fees incurred—on a person who impedes, delays, or frustrates the fair examination of the deponent.[43]

Defendant's unilateral termination of the in-process deposition of Defendant MacWilliams and cancellation of the remaining depositions caused an unjustified delay. Defendant admits it is not entitled to know Plaintiff's questioning or exhibits in advance of a deposition.[44] Further, Plaintiff's counsel had previously produced the documents through the returned laptop. Defendant therefore impeded, frustrated, and delayed the examinations in violation of Rule 30.

Plaintiff is awarded reasonable expenses and attorneys' fees incurred.

In addition, Defendants MacWilliams and Ashwood, witnesses Lee Ann Shepard and Rich Dorsey, and Plaintiff Buckosh must be made available for depositions.

---

[42] See *Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-CV-30116-KAR, 2021 WL 3727143, at *2 (D. Mass. Aug. 23, 2021) ("Courts have held that a responding party is required to produce documents in [his] possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents."); *Neale v. Coloplast Corp.*, No. 118CV00274TRMSKL, 2020 WL 6948361, at *12-13 (E.D. Tenn. Nov. 2, 2020) (holding that Defendant must supplement its discovery response to identify specific documents it states are "already in Plaintiff's possession" because Defendant did not show that providing further explanation would be unduly burdensome).

[43] Fed. R. Civ. P. 30(d)(2). See also Fed. R. Civ. P. 37(d)(1)(A)(i).

[44] Doc. 27 at 4.

- 6 -

Case No. 1:21-cv-00975
GWIN, J.

## IV. Conclusion

For the foregoing reasons, this Court **GRANTS** in part and **DENIES** in part Defendant's motion to compel discovery and **GRANTS** Plaintiff's motion to compel depositions and for sanctions.

This Court **ORDERS** Plaintiff to identify and produce the documents in her June 2020 production that support Plaintiff's argument that her sales production was equivalent to or better than male comparators by December 6, 2021.  The Court further **ORDERS** Plaintiff Buckosh, Defendants MacWilliams and Ashwood, and witnesses Lee Ann Shepard and Rich Dorsey to be available for depositions the week of December 6, 2021.

The Court **ORDERS** Defendants to pay Plaintiff reasonable attorneys' fees and expenses incurred because of the cancelled depositions. Plaintiff will supply to the Court itemized evidence regarding the fees and costs that Plaintiff seeks reimbursement for.

The Court **CONTINUES** the dispositive motion deadline until December 20, 2021.

IT IS SO ORDERED.

Dated: December 3, 2021               *s/      James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE