UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| DEBRA BUCKOSH, | : | CASE NO. 1:21-cv-00975 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 38; 41] |
| v. | : | |
| | : | |
| BONDED FILTER COMPANY, | : | |
| LLC, et al., | : | |
| | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Debra Buckosh sues her former employer Defendant Bonded Filter Company, LLC ("Bonded"), and its agents, Defendants Matthew Ashwood and Steven MacWilliams, for sex-based employment discrimination, retaliation, and contract breach.[1] Defendant Bonded generally defends by saying that it fired Plaintiff Buckosh because Buckosh's sales production was low.

Before the Court are two discovery motions.

Plaintiff Buckosh moves to compel Defendant Bonded to answer interrogatories and produce documents.[2] Defendant opposes.[3]

Defendant Bonded moves this Court to reconsider its December 3, 2021 and December 8, 2021 orders and require Plaintiff to identify by bates label the documents supporting Plaintiff's argument that her sales production was equivalent to or better than

---

[1] Doc. 1-1.
[2] Doc. 38.
[3] Doc. 44.

Case No. 1:21-cv-00975
GWIN, J.

male comparators by December 20, 2021.[4]  Plaintiff opposes.[5]

With these motions, the Court determines whether either party has failed to make a required disclosure or to cooperate in discovery under Rules 26, 30, 34, and 37.[6]

For the following reasons, this Court **GRANTS** in part and **DENIES** in part Plaintiff's second motion to compel discovery and **DENIES** Defendant's motion for reconsideration.

I.   Background

Defendant Bonded provides maintenance services for HVAC systems.[7]  In January 2019, Bonded hired Plaintiff Debra Buckosh as an Account Manager.[8]  In her role, Plaintiff reported directly to Defendant Steven MacWilliams, and worked closely with Defendant Matthew Ashwood.[9]

In February 2020, Defendant Bonded fired Plaintiff.  Plaintiff says Bonded fired her because of her sex, retaliated against her, and breached her employment contract.[10]  In claiming that it fired Plaintiff for non-discriminatory reasons, Defendant Bonded says that Plaintiff's sales production was poor.  Plaintiff disputes this.

A.   Plaintiff's Second Motion to Compel Discovery.

Plaintiff served her First Set of Interrogatories and First Request for Production of Documents on Defendant Bonded on July 27, 2021.[11]  Defendant Bonded responded to these requests in early October 2021.[12]  Plaintiff made a good faith effort to confer with

---

[4] Doc. 41.
[5] Doc. 43.
[6] Fed. R. Civ. P. 26; Fed. R. Civ. P. 30; Fed. R. Civ. P. 34; Fed. R. Civ. P. 37.
[7] BFC Solutions, https://www.bfcsolutions.com/ (last visited July 15, 2021).  Bonded Filter Company does business as BFC Solutions.
[8] Doc. 1-1 at 6, Doc. 8-1 at 2.
[9] Doc. 8-1 at 3.
[10] Docs. 1-1; 8-1 at 5.
[11] Doc. 38 at 2.
[12] Docs. 38-1; 38-2.

Case No. 1:21-cv-00975
GWIN, J.

Defendant regarding the inadequacy of Defendant's responses.[13]  Plaintiff now moves to compel Defendant Bonded to answer interrogatories and produce documents.[14]

Defendant Bonded opposes.[15]  Defendant says Plaintiff did not try to resolve these disputes with Defendant prior to filing the motion to compel.  Defendant also says it produced requested discoverable documents, and properly objected to other requests as overbroad in scope and unduly burdensome.

### B. Defendant's Motion for Reconsideration.

On December 8, 2021, the Court amended its December 3, 2021 order and ordered Plaintiff to identify and produce the documents in her June 2020 production that support Plaintiff's argument that her sales production was equivalent to or better than male comparators at least three days in advance of filing Plaintiff's opposition to summary judgment.[16]  The Court further ordered Plaintiff to produce to Defendant any document Plaintiff plans to use during a deposition at least three days in advance of the deposition.

On December 10, 2021, Plaintiff produced to Defendant over 145,000 pages of documents, mostly consisting of emails.[17]  Depositions began on December 14, 2021.[18]

Defendant now moves this Court to reconsider its earlier orders and require Plaintiff to identify by bates label the documents supporting Plaintiff's argument regarding her sales production by December 20, 2021.[19]  Defendant says Plaintiff's December 10, 2021 "document dump" violates Rule 34.[20]

---

[13] Doc. 38 at 2–3.
[14] Doc. 38.
[15] Doc. 44.
[16] Doc. 34.
[17] Doc. 41 at 2.
[18] *Id.*
[19] Doc. 41.
[20] *Id.* at 2; Fed. R. Civ. P. 34(b)(2)(E) ("[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request").

Case No. 1:21-cv-00975
GWIN, J.

Plaintiff opposes.[21] In her opposition, Plaintiff says the requested documents are Defendants' business records that Defendants have long had available and should contain no surprises. Plaintiff further says she already produced the documents Defendant requests: emails from Plaintiff's returned laptop, all of which exist on Defendant Bonded's server. Plaintiff says each document she produced is relevant.

## II. Plaintiff's Second Motion to Compel Discovery.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[22]

Plaintiff moves to compel Defendant to answer interrogatories and produce documents.[23] Plaintiff made a good faith effort to resolve these disputes with Defendant prior to filing this motion to compel.[24] The Court now addresses Plaintiff's requests in turn.

*Plaintiff's Requests for Production Nos. 3, 6, 7, 15, and 16.*[25] Plaintiff seeks the personnel files of Plaintiff and other employees (No. 3); the job descriptions of Plaintiff and other employees (No. 6); job performance evaluations of Plaintiff and other employees (No. 7); employment contracts, salary, wage, commission, job title(s), job duty(s), severance or fringe benefit(s) for Plaintiff and other employees (No. 15); and the commission paid to Plaintiff and other employees (No. 16). These documents are relevant and discoverable under Rule 26.[26] Defendant Bonded is therefore required to produce these documents.[27]

---

[21] Doc. 43.
[22] Fed. R. Civ. P. 26(b)(1).
[23] Doc. 38.
[24] Fed. R. Civ. P. 37(a)(1); Local Rule 37.1(a)(1). *See* Docs. 38-3; 38-4.
[25] Docs. 38 at 3–4; 38-2.
[26] Fed. R. Civ. P. 26(b)(1).
[27] Defendant says it produced the personnel files Plaintiff requests (No. 3) on October 7, 2021. Doc. 44 at 3. On October 7, 2021, however, Defendant objected to Plaintiff's request for personnel files as overly broad and unduly burdensome. Doc. 38-2 at 2–3. Defendant is now ordered to produce the personnel files Plaintiff requests. Defendant

Case No. 1:21-cv-00975
GWIN, J.

*Plaintiff's Request for Production No. 8.*[28] Plaintiff seeks documents sent between Defendant Ashwood and Plaintiff, and Defendant Ashwood and other employees. These communications are relevant to Plaintiff's argument that she received conflicting directives from Defendant Ashwood and her supervisor. Therefore, Defendant is required to produce Defendant Ashwood's correspondence, including letters, text messages, and emails, to or from Ashwood and Plaintiff and the identified comparator employees.

*Plaintiff's Request for Production No. 9.*[29] Plaintiff seeks documents written or maintained by enumerated employees that mention Plaintiff Buckosh. These documents are relevant to Plaintiff's disparate treatment argument. Defendant is therefore required to produce documents authored or created by the enumerated individuals that mention or refer to Plaintiff Buckosh. The Court limits the required production to the six months preceding Buckosh's firing and the three months following her firing.

*Plaintiff's Requests for Production Nos. 11, 12, and Interrogatory No. 5.*[30] Plaintiff seeks documents Defendant Bonded and its employees received from E.B.Q., a lead generator. Plaintiff further seeks a list of each Defendant Bonded employee, agent, or independent contractor who was given a sales lead produced by E.B.Q. during Plaintiff's employment. Even though Defendant claims Plaintiff, in her role as business development manager, was not eligible to receive those leads, the requested documents are relevant to Plaintiff's claims and must be produced by Defendant.

*Plaintiff's Request for Production Nos. 13 and 14.*[31] Plaintiff seeks documents

---

further states it does not provide employees with written performance evaluations. Doc. 44 at 4. Defendant is required to produce any performance evaluations it did give.

[28] Docs. 38 at 4; 38-2.
[29] Docs. 38 at 4–5; 38-2.
[30] Docs. 38 at 5–6; 38-1; 38-2.
[31] Docs. 38 at 6; 38-2.

- 5 -

Case No. 1:21-cv-00975
GWIN, J.

Bonded and its employees sent to or received from entities and persons Plaintiff Buckosh engaged in sales activities. These documents are relevant and must be produced by Defendant.

*Plaintiff's Request for Production No. 18.*[32] Plaintiff seeks documents related to goods or services sold on behalf of Defendant Bonded by Plaintiff and other enumerated employees. This information is highly relevant to Plaintiff's claim of sex discrimination and Defendant must produce documents related to sales made by Plaintiff and the enumerated employees during the period of Plaintiff's employment.

*Plaintiff's Request for Production No. 19 and Interrogatory No. 6.*[33] Plaintiff seeks the names of new Bonded customers, the Bonded salesperson responsible for each new sale, and documents related to said new sales. Defendant is required to produce this information for the time period of Plaintiff's employment and the three months following her firing.

*Plaintiff's Request for Production No. 20.*[34] Plaintiff seeks documents sent between Jeannea Carroll and Plaintiff, and Jeannea Carroll and other enumerated employees. Jeannea Carroll was responsible for facilitating travel and sales activities of Bonded's salespersons. Defendant is required to produce these documents.

*Plaintiff's Request for Production No. 17.*[35] Plaintiff seeks agendas and PowerPoint presentations of Bonded's Board of Directors. Defendant says it produced all documents responsive to this request in its possession, custody, or control.[36] Defendant Bonded does

---

[32] Docs. 38 at 6–7; 38-2.
[33] Docs. 38 at 7; 38-1; 38-2.
[34] Docs. 38 at 7; 38-2.
[35] Docs. 38 at 7–8; 38-2.
[36] Doc. 44 at 7.

Case No. 1:21-cv-00975
GWIN, J.

not use agendas for Board meetings. Defendant has complied with this request.

*Plaintiff's Request for Production No. 23.*[37] Plaintiff seeks all data contained on the laptop Plaintiff Buckosh returned to Defendant Bonded in June 2020. Plaintiff testified in her deposition that she downloaded the contents of the laptop before returning it to Defendant Bonded.[38] Plaintiff also produced emails from the returned laptop to Defendant on December 10, 2021 further indicating Plaintiff already has access to these documents.[39] Therefore, Defendant is not required to produce this data.

*Plaintiff's Request for Interrogatory No. 9.*[40] Plaintiff seeks the reasons Defendant Bonded terminated Plaintiff's employment. Defendant says Plaintiff was terminated because of her poor sales performance.[41] Defendant has complied with this request.

Defendant must produce the required supplemental documents by January 7, 2022.

### III. Defendant's Motion for Reconsideration.

Defendant moves this Court to reconsider its December 3 and December 8 orders and require Plaintiff to identify by bates label the documents supporting Plaintiff's argument regarding her sales production by December 20, 2021.[42] Defendant says Plaintiff's December 10, 2021 production was a "document dump" that violated Rule 34.

Defendant's motion for reconsideration is denied.

The Court earlier established a January 3, 2022, dispositive motion cut-off date.[43] Dispositive motion opposition must be filed by January 17, 2022, and any reply supporting

---

[37] Docs. 38 at 8; 38-2.
[38] Doc. 44 at 9.
[39] *See* Doc. 43.
[40] Docs. 38 at 8; 38-1; 38-2.
[41] Doc. 44 at 9.
[42] Doc. 41.
[43] Doc. 42.

Case No. 1:21-cv-00975
GWIN, J.

dispositive motions must be filed by January 24, 2022.

The Court earlier attempted to facilitate discovery by requiring Plaintiff to identify documents supporting her argument that her sales production approximated that of comparators three days in advance of filing Plaintiff's opposition to summary judgment.[44] But Plaintiff cannot know what arguments or documents Defendants will use to support any dispositive motion. Without knowledge regarding the exhibits or arguments Defendants may use, the Court will not cabin Plaintiff's ability to make arguments or offer exhibits to oppose a dispositive judgment.

By January 17, 2022, Defendants will know what arguments or exhibits Plaintiff will use to oppose summary judgment. Defendants can then respond to Plaintiff's arguments and exhibits with its January 24, 2022, reply brief.

Further, on December 10, 2021, Plaintiff produced initial documents supporting Plaintiff's argument that her sales production was equivalent to or better than male comparators.[45] This production consisted of about 3,500 emails between Plaintiff and customers and between Plaintiff and other Bonded employees regarding the progress of Plaintiff's sales efforts.[46] Defendant Bonded already had these documents in its possession, as they are located on Defendant's server.

Plaintiff's December 10, 2021 production did not violate Rule 34.

Plaintiff is also no longer required to produce additional documents before its dispositive motion opposition is due.

IV. Conclusion

---

[44] Doc. 34.
[45] Doc. 43 at 2.
[46] *Id.* at 3.

Case No. 1:21-cv-00975
GWIN, J.

For the foregoing reasons, this Court **GRANTS** in part and **DENIES** in part Plaintiff's second motion to compel discovery and **DENIES** Defendant's motion for reconsideration. This Court **ORDERS** Defendant to complete supplemental production by January 7, 2022.

IT IS SO ORDERED.

Dated: December 23, 2021                         *s/     James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE