UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| DEBRA BUCKOSH, | : | CASE NO. 1:21-cv-00975 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 35; 40] |
| v. | : | |
| | : | |
| BONDED FILTER COMPANY, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Debra Buckosh sues her former employer Defendant Bonded Filter Company, LLC ("Bonded"), and its agents, Defendants Matthew Ashwood and Steven MacWilliams, for sex-based employment discrimination, retaliation, and contract breach.[1] Defendant Bonded generally defends by saying that it fired Plaintiff Buckosh because Buckosh's sales production was low.

On October 26, 2021, the parties met to conduct depositions in Nashville.[2] After a dispute over discovery compliance during Defendant MacWilliams' deposition, Defendant's counsel stopped Plaintiff from questioning MacWilliams and unilaterally cancelled the remaining depositions.[3]

Plaintiff then moved to compel depositions and requested reasonable attorneys' fees and expenses incurred because of the cancelled depositions.[4]

On December 3, 2021, the Court granted Plaintiff's motion to compel depositions

---

[1] Doc. 1-1.
[2] Doc. 22-1 at 4.
[3] *Id.* at 4–5.
[4] Doc. 25.

Case No. 1:21-cv-00975
GWIN, J.

and for sanctions and ordered Plaintiff to, "supply to the Court itemized evidence regarding the fees and costs that Plaintiff seeks reimbursement for" related to the aborted Nashville depositions.[5]

Plaintiff submitted to the Court itemized attorneys' fees and costs incurred as a result of the cancelled depositions.[6] Defendant Bonded objected to Plaintiff's itemization of fees and expenses.[7] Plaintiff responded to Defendants' objections.[8] Defendant moved to file a sur-reply to address new arguments in Plaintiff's response.[9]

Plaintiff seeks attorneys' fees and travel expenses for both Stephen Gard and Orville Stifel.[10] Defendant asks this Court to exclude all of Orville Stifel's fees and travel expenses because: (1) it was unnecessary for both of Plaintiff's attorneys to travel to Nashville for the depositions; and (2) Mr. Stifel's notice of appearance demonstrates his limited role in the lawsuit.[11] Plaintiff responded that Mr. Stifel had planned to play a significant role in the scheduled depositions and was a necessary participant.[12] This Court **ORDERS** reimbursement for Stephen Gard's attorney's fees and travel expenses only.

Plaintiff seeks travel expenses for Stephen Gard covering his drive to and from Nashville.[13] Defendant says it was unreasonable for Mr. Gard to drive to Nashville when he could have flown with Plaintiff Buckosh on a non-stop flight.[14] Plaintiff responded that air travel is medically proscribed for Mr. Gard.[15] This Court **ORDERS** reimbursement for

---

[5] Doc. 31.
[6] Docs. 35; 35-1.
[7] Doc. 36.
[8] Doc. 39.
[9] Doc. 40.
[10] Doc. 35 at 3.
[11] Doc. 36 at 2.
[12] Doc. 39 at 3–4.
[13] Doc. 35 at 3. Plaintiff seeks $584.64 for the 1044-mile round trip drive from Cleveland to Nashville.
[14] Doc. 36 at 3.
[15] Doc. 39 at 2–3. In Defendant's sur-reply, Defendant argues Plaintiff provides no evidence of these alleged medical conditions prohibiting air travel. Doc. 40.

Case No. 1:21-cv-00975
GWIN, J.

the cost of one flight, and the associated parking and ground transport costs. This Court **ORDERS** the reimbursement for Stephen Gard's attorney's fees to be adjusted to reflect the time it would have taken him to fly from Cleveland to Nashville.[16]

Plaintiff seeks reimbursement for three nights of hotel expenses for Stephen Gard and two nights of hotel expenses for Plaintiff Buckosh.[17] Defendant says there was no reason for Mr. Gard to arrive two nights in advance of the deposition, nor for Mr. Gard and Plaintiff Buckosh to stay an extra night after the depositions were cancelled.[18] Plaintiff says Mr. Gard needed to drive to Nashville a day early in order to have one day to recuperate from the trip.[19] Plaintiff further says hotel check-out had passed by the time the depositions were terminated.[20] This Court **ORDERS** reimbursement for one night of hotel expenses for both Stephen Gard and Plaintiff Buckosh.

Plaintiff seeks reimbursement for attorneys' fees incurred for Defendant MacWilliams' deposition and the court reporter costs.[21] Defendant says the deposition was held open so Plaintiff's lawyers may continue where they left off and the time and expense were therefore not wasted.[22] This Court **DENIES** Plaintiff's request for reimbursement for attorneys' fees and costs incurred for the aborted deposition.

For the foregoing reasons, this Court **ORDERS** Defendant to pay $4,774.58[23] in costs for the cancelled October depositions.

---

[16] The Court assumes it would have taken Mr. Gard 5 hours total travel time to fly from Cleveland to Nashville based on Plaintiff's estimate. Doc. 39 at 3.
[17] Doc. 35 at 3.
[18] Doc. 36 at 4.
[19] Doc. 39 at 2.
[20] *Id.* at 4.
[21] Doc. 35 at 3.
[22] Doc. 36 at 3–4.
[23] This amount includes $3,750 for Stephen Gard's attorney's fees (10 hours for the time it would have taken to travel to and from Nashville by plane at a rate of $375 per hour); $229.34 for one night of hotel expenses for Stephen Gard; $229.34 for one night of hotel expenses for Plaintiff Buckosh; $454.65 for one round-trip flight between Cleveland and Nashville and associated parking and ground transport costs; and $111.25 for meals and gratuities.

- 3 -

Case No. 1:21-cv-00975
GWIN, J.

    IT IS SO ORDERED.

Dated: January 13, 2022                      *s/     James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE