UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBRA BUCKOSH, ) | CASE NO. 1:21-cv-0975 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. ) | |
| ) | |
| BONDED FILTER COMPANY, ) | **OPINION AND ORDER** |
| LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This Court must determine whether Plaintiff may avail herself of a "motivating factor" standard of causation at trial. For the reasons that follow, Plaintiff will have the burden of proving that her termination was "because of" her gender. *Cf. Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1739 (2020) (noting that the "because of" text "incorporates the 'simple' and 'traditional' standard of but-for causation"); *Wholf v. Tremco, Inc.*, 26 N.E.3d 902, 909 (Ohio Ct. App. 2015) (holding that the appearance of "because" in Ohio Rev. Code § 4112(I) creates a but-for causation standard).

By way of background, Plaintiff initiated this action on April 6, 2021, seeking relief for her gender discrimination claim solely under Ohio Rev. Code § 4112.02. (Doc. No. 1-1 at PageID 17-18.) Plaintiff neither included a Title VII claim in her initial complaint nor did she later amend to include a Title VII cause of action. On August 25, 2022, the Court denied Defendants' motion for summary judgment. (Doc. No. 68 at PageID 1518.)

At the final pre-trial conference on February 21, 2023, the Court noted that in numerous pre-trial filings, including her proposed jury instructions, Plaintiff stated she was only required to

1

prove that gender was a "motivating factor" in Defendants' decision to terminate her employment. (*E.g.*, Doc. No. 79 at PageID 1594.) The Court flagged this because, to its mind, this causation standard was only applicable for a mixed-motive gender discrimination claim, and Plaintiff never indicated in her complaint or in opposition to summary judgment that she was pursuing a mixed-motive claim, thereby depriving defendants of notice. (Doc. No. 1-1 at PageID 17; Doc. No. 55 at PageID 1092.) Moreover, the Court expressed doubt that a mixed-motive claim was viable under Ohio Rev. Code § 4112.02. Plaintiff responded that Ohio's employment discrimination statute mirrors Title VII, and the "motivating factor" causation standard applies to all Title VII disparate treatment claims. Defendants disagreed. The Court continued the trial and ordered briefing on these issues. (Doc. No. 109.)

In her briefs (Doc. Nos. 113 & 115), Plaintiff reiterated her position that she articulated at the final pre-trial conference. She maintained that she was not bringing a mixed-motive claim. Rather, the law "clear[ly]" provides that she "satisfies the causation element of Title VII and Chapter 4112 of the Ohio Revised Code by showing that her gender was a 'motivating factor' in the Defendants' decision to terminate her employment." (Doc. No. 115 at PageID 2081.)

Contrary to Plaintiff's contention, the law is far from "clear." (*Id.*)

Ohio Rev. Code § 4112.02(A) states that "[i]t shall be an unlawful discriminatory practice . . . [f]or any employer, **because of** the . . . sex . . . of any person . . . to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." (emphasis added).

In analyzing claims brought under this statute, courts "generally" apply federal Title VII precedent. *Sarvak v. Urban Retail Props., LLC*, 524 F. App'x 229, 233 (6th Cir. 2013). This is

so because the text of Ohio Rev. Code § 4112.02 mirrors Title 42 U.S.C. § 2000e-2(a) ("Section 2(a)"), which provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, **because of** such individual's . . . . sex" (emphasis added)).

But Title VII also contains a provision that the Ohio Revised Code does not. That additional Title VII section provides: "except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that . . . sex . . . was a **motivating factor** for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m) ("Section 2(m)"). Title VII then modifies Section 2(m) with the following:

> On a claim in which an individual proves a violation under section 2000e-2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court –
>
> i. may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title; and
>
> ii. (ii) shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment, described in subparagraph (A).

42 U.S.C. § 2000e-5(g)(2)(B). Sections 2(m) and 2000e-5(g)(2)(B) were added to Title VII as part of the Civil Rights Act of 1991. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 397 (6th Cir. 2008).

To summarize, Title VII provides two different methods to prove a discrimination claim. In the first method, the employee prevails if she proves that the employer took an adverse employment action against her "because of" her protected characteristic. 42 U.S.C. § 2000e-

3

2(a).  For the second method (often referred to as a "mixed-motive claim"), the employee prevails if she merely shows that her protected characteristic was a "motivating factor" in the employer's adverse employment action against her.  42 U.S.C. § 2000e-2(m).  Unlike in Section 2(a) claims, Section 2(m) claims offer a specific affirmative defense.  Pursuant to 42 U.S.C. § 2000e-5(g)(2)(B), employers may assert that other motivating facts would have caused the employer to make the same decision.  If proven, this affirmative defense would limit recovery to declaratory relief, attorney's fees, costs, and certain types of injunctive relief.  Importantly, the text of Ohio Rev. Code § 4112.02 – the only statute that Plaintiff chose to pursue here – includes the same "because of" language found in Section 2(a).

Circuit courts are split on whether the "motivating factor" jury instruction applies to Section 2(a) claims as well.  The Eighth, Ninth, and Eleventh Circuits provide employees the "motivating factor" jury instruction for all Title VII claims.  *See* EIGHTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.40 (2022) (noting that the causation standard for all Title VII claims is "motivating factor"); NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 10.1 (2022) ("[E]ven in the absence of a 'same decision' (or 'same action') affirmative defense, a plaintiff might prefer to use an instruction that provides, as the second element, that the plaintiff's protected characteristic was 'a motivating factor' in the defendant's employment decision."); ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) § 4.5 (2022) ("Pattern Instruction 4.5 applies the 'motivating factor' standard to all Title VII disparate treatment claims, not just 'mixed motive' claims.").  The Second, Third, Fifth, and Seventh Circuits limit the "motivating factor" causation standard to mixed-motive claims.  *Fields v. New York State Off. of Mental Retardation & Developmental Disabilities*, 115 F.3d 116, 119-20 (2d Cir. 1997) (discussing the difference between § 2(a) and § 2(m) cases); *Watson v. Se. Pennsylvania Transp. Auth.*, 207 F.3d

4

207, 214-20 (3d Cir. 2000) ("Our court's cases have recognized two types of disparate treatment employment discrimination actions – 'pretext' and 'mixed-motive' – and have applied different standards of causation depending on the type of case the plaintiff presented."); FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) § 10 (2020) ("Section 2(a) claims appear to carry a "but-for" causation standard."); FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT § 3.01 (2017) ("The Committee drafted these instructions with the understanding that the "motivating factor language is appropriate in mixed-motive cases . . . . However, the Committee assumed the continuing viability of the [but-for causation] approach in non-mixed-motive cases in the Seventh Circuit").

In the end, to accept Plaintiff's argument that she is entitled to a "motivating factor" jury instruction, this Court must accept two key premises on which her argument is built. First, the Court must accept that the Sixth Circuit follows those circuits that allow for a "motivating factor" jury instruction regardless of the type of claim at issue. Second, the Court must accept that it is appropriate to impute Section 2(m)'s motivating factor language to Ohio Rev. Code § 4112.02.

Relevant caselaw indicates that the Sixth Circuit follows the Second, Third, Fifth, and Seventh Circuits in applying the "because of" (or "but-for") causation standard to non-mixed-motive claims. The Sixth Circuit requires all employees to "give proper notice" of their intent to bring a mixed-motive claim. *Spees v. James Marine, Inc.*, 617 F.3d 380, 390 (6th Cir. 2010); *see also Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 650 (6th Cir. 2012) ("A plaintiff triggers mixed-motive analysis by giving notice of bringing such claims."); *Wheeler v. City of Columbus*, No. 2:16-cv-1159, 2019 WL 3753579, at *8 (S.D. Ohio Aug. 8, 2019) ("Plaintiff cannot sustain a mixed-motives claim . . . [because] . . . Plaintiff does not appear to articulate

5

a mixed-motives claim at any point in the Complaint or in her deposition."). And while not clearly stated in the case law, that other courts have held that notice of a mixed-motive claim was untimely when not advanced at an early stage in litigation illustrates that notice on the eve of trial would not be sufficient. Plaintiff's attempt to side-step the notice requirement by stating that she is not asserting a "mixed-motive claim" but simply seeks the favorable instruction that such a claim allows would undermine the apparent reasoning for notice – that defendants have an opportunity to prepare for and focus discovery efforts on such a theory in advance of and in preparation for trial.

Even if the Sixth Circuit followed the Eighth, Ninth, and Eleventh Circuits in applying the "motivating factor" standard to all Title VII claims, this Court must still recognize that Plaintiff chose to only assert a claim under Ohio Rev. Code § 4112.02. She decided not to proceed under Title VII.

Although unsettled, the more persuasive argument is that mixed-motive claims are not viable under Ohio law. The Court considers that the Ohio legislature did not amend Ohio Rev. Code § 4112.02 after the 1991 Amendments to Title VII. Indeed, the United States Supreme Court has applied the same analysis when considering the extent of the 1991 Amendments to other federal statutory authority. In deciding whether Title VII's anti-retaliation provision and the Age Discrimination in Employment Act ("ADEA") allow for the "motivating factor" causation standard, the Supreme Court noted that Congress's decision not to amend these statutes with the Civil Rights Act of 1991 indicated Congress's intent to require employees to prove "but-for" causation, as "because of" was left as the sole causation standard. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 365 (2013) ("The text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim under § 2000e–3(a) must establish that his

or her protected activity was a but-for cause of the alleged adverse action by the employer."); *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, (2009) ("We hold that a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action.").

"Likewise, the Ohio legislature has not amended Ohio Revised Code § 4112.02(A) to include claims where [gender] is 'a motivating factor.'"[1] *Francis v. Davis H. Elliot Const. Co.*, No. 3:12-cv-87, 2013 WL 941527, at *8 (S.D. Ohio Mar. 11, 2013) (noting that "[Ohio] still requires the plaintiff to show discrimination 'because of' membership in a protected class"). That Ohio has not amended this statute is, as the Supreme Court taught, a strong indicator that the language of the statute remains as it is written, and Plaintiff must prove that termination was "because of" her gender.

As a final point, "jury instructions should not be patched together from snippets of appellate opinions taken out of context, but should rely first on the language of the statute." *Boyd v. Illinois State Police*, 384 F.3d 888, 894-95 (7th Cir. 2004). Plaintiff's citations to Sixth

---

[1] Plaintiff's citation to *Cleveland Civ. Serv. Comm'n v. Ohio C.R. Comm'n*, 565 N.E.2d 579 (Ohio 1991) does not help resolve this dispute. (Doc. No. 113 at PageID 2072; Doc. No. 115 at PageID 2082.) This case evaluated the employee's initial burden and the employer's affirmative defense burden in a mixed-motive case before the Civil Rights Act of 1991 was enacted. *Cleveland*, 565 N.E.2d at 584 (decided on Jan. 16, 1991); *Civil Rights Act of 1991*, PL 102-166, November 21, 1991. Accordingly, the reasoning underlying this case is undermined by Congress's decision to abrogate Supreme Court Title VII mixed-motive precedent in the Civil Rights Act of 1991 and the *Nassar* and *Gross* holdings. If this case clearly established that mixed-motive claims are currently viable under Ohio law, Ohio appellate courts would not have indicated that this issue is unsettled. *Veal v. Upreach, L.L.C.*, 2011-Ohio-5406, 2011 WL 4986794, at *7 (Ohio Ct. App. 2011) ("[I]t is less than settled whether mixed-motive claims are viable in the context of R.C. 4112.02(A)."); *Clinton v. Faurecia Exhaust Sys., Inc.*, 2012-Ohio-4618, 2012 WL 4762021, at *11 (Ohio Ct. App. 2012) (Ohio's anti-discrimination statutes do not contain a provision analogous to 42 U.S.C.2000e–2(m), and the few Ohio courts that have considered mixed-motive claims differ in their approach."); *see also Beckloff v. Amcor Rigid Plastics USA, LLC*, 93 N.E.3d 329, 340 (Ohio Ct. App. 2017) (plaintiff acknowledges that it is "less than settled" whether mixed-motive claims are viable).

7

Circuit caselaw recognizing that courts "generally apply federal precedent to employment discrimination claims under Ohio law" does not – as Plaintiff advances – create entirely new subsections of Ohio Rev. Code § 4112.02. *Sarvak*, 524 F. App'x at 233. The language on which Plaintiff relies derives from Section 2(m). There is no equivalent in the Ohio statute. And, applying federal precedent to the only corresponding provision in the Ohio statute leads to one conclusion: the "motivating factor" causation standard does not apply to Plaintiff's gender discrimination claim. Plaintiff has consistently advanced a claim akin to the federal equivalent's Section 2(a). Accordingly, she must show that an adverse employment action was taken "because of" her protected characteristic. The Court will not stray from the text of Ohio Rev. Code § 4112.02.

For these reasons, the Court finds that Plaintiff's contention that she is entitled to present evidence of, argue for, or that the jury should be instructed on a "motivating factor" causation standard is without merit, especially when, as is the case here, no notice was provided to Defendants until motions *in limine* and trial briefs were submitted. Plaintiff is ordered to resubmit her proposed jury instructions consistent with this Order within five business days of this Order. Thereafter, Defendants have five business days to file objections to these proposals. The Court will hold a telephonic status conference with lead counsel on April 11, 2023, at 11:00 a.m. Counsel shall be prepared to discuss trial dates and any other issues that need to be addressed before the trial.

**IT IS SO ORDERED.**

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: April 7, 2023